IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANTHONY CALLINS | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:14-CV-161-O |
| | § |
| U.S. BANK NATIONAL ASSOCIATION | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are the following two motions: (1) Motion to Dismiss for Failure to State a Claim [doc. # 4], filed by Defendants Brown McCarroll LLP and Richard A. Illmer on March 10, 2014 and (2) Rule 12(b)(6) Motion to Dismiss [doc. # 6], filed by Defendant U.S. Bank National Association ("U.S. Bank") on March 20, 2014. In both motions, Defendants request that the Court dismiss the above-styled and numbered cause pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 8(a). Having carefully considered the Defendants' motion, and noting that *pro-se* Plaintiff Anthony Callins ("Callins") wholly failed to file a response to either motion, the Court recommends granting the Defendants' motions for the reasons stated in each respective motion.[1]

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate

---

[1] The Court notes that a district court generally errs if it dismisses a *pro-se* complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend. However, such requirement generally applies only if the plaintiff has not alleged his "best case." *See Dark v. Potter*, 293 F. App'x 254, 256-57 (5th Cir. 2008). "While a precise definition of a plaintiff's 'best case' is elusive, this Court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint. *Id.* at 257. In this case, Callins was notified of the alleged deficiencies in his pleadings by the Defendants' motions to dismiss and wholly failed to file any response. Consequently, the Court concludes that Callins has pled his best case and such pleadings are deficient.

Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 13, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 30, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv