**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANTHONY CALLINS,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:14-cv-161-O |
| **U.S. BANK NATIONAL ASSOCIATION, INC. et al.,** | § § § § | |
| Defendants. | § § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. The Magistrate Judge recommended that the Court grant (1) Defendants Husch Blackwell, LLP f/k/a Brown McCarroll, LLP and Richard A. Illmer's (collectively, the "Attorney Defendants") Motion to Dismiss (ECF No. 4) and (2) Defendant U.S. Bank National Association's ("U.S. Bank") Motion to Dismiss (ECF No. 6). Plaintiff filed an objection.[1] The Court conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court.

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] Plaintiff filed a response after the Magistrate Judge issued his Findings, Conclusions, and Recommendation addressing U.S. Bank's motion to dismiss. *See* Pl.'s Resp., ECF No. 10. Although Plaintiff does not reference the Magistrate Judge's Findings, Conclusions, and Recommendation, the Court construes Plaintiff's response as an objection to the Findings, Conclusions, and Recommendation.

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint that merely offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a Rule 12(b)(6) motion. *See id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts in the complaint as true and views them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* The Court, however, "will not strain to find inferences favorable to the plaintiffs," and does "not accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v.*

2

*INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (citations omitted) (internal quotation marks omitted).

The Attorney Defendants and U.S. Bank request that the Court dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. The Attorney Defendants contend that Plaintiff fails to give fair notice of Plaintiff's claims because he fails to allege any facts that concern the Attorney Defendants' involvement in the events giving rise to this action. *See* Attorney Defs.' Mot. Dismiss 4, ECF No. 4. U.S. Bank similarly argues that Plaintiff's Petition is devoid of factual allegations and only provides unsupported legal conclusions. *See* U.S. Bank's Mot. Dismiss 7-8, ECF No. 6. Plaintiff filed a response to U.S. Bank's motion to dismiss, but did not file a response to the Attorney Defendants' motion to dismiss.

Having reviewed the motions and Plaintiff's Petition, the Court finds that Plaintiff has failed to plead sufficient factual matter to state a plausible claim to relief. Plaintiff's Petition contains "'labels and conclusions'" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's allegations do not allow the Court to draw the reasonable inference that the Attorney Defendants or U.S. Bank are liable for the misconduct alleged. *See id.* (citing *Twombly*, 550 U.S. at 556). Rather than identifying the factual allegations in his Petition that state a claim for relief, Plaintiff's response merely cites Rule 8(a) and concludes that "there were valid claims made against [U.S. Bank]" in Plaintiff's Petition. *See* Pl.'s Resp. 1, ECF No. 10.

Based on the foregoing, the Attorney Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED** and U.S. Bank's Motion to Dismiss (ECF No. 6) is **GRANTED**. It is **ORDERED** that Plaintiff's claims against the Attorney Defendants' and U.S. Bank are **DISMISSED**.

**SO ORDERED** on this **19th day** of **June, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**